UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MIGUEL GUTIERREZ GONZALEZ,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARTIN O'MALLEY,** | § | EP-23-CV-00248-DCG-MAT |
| *Commissioner of the Social Security Administration*,[1] | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION

The Commissioner of the Social Security Administration determined that *pro se* Plaintiff Miguel Gutierrez Gonzalez was ineligible to receive Supplemental Security Income ("SSI") benefits for the period between January 1, 2017 and February 1, 2019.[2] Plaintiff has appealed the Commissioner's decision.[3]

In accordance with this Court's "Standing Order Referring Social Security Cases" to U.S. Magistrate Judges,[4] the Court automatically referred Plaintiff's appeal to U.S. Magistrate Judge

---

[1] The Court automatically substituted Commissioner O'Malley in Acting Commissioner Kilolo Kijakazi's place as the Defendant in this suit. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

[2] *See, e.g.*, Comm'r's Mem., ECF No. 15, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

[3] *See generally* Compl., ECF No. 2.

[4] *See* Standing Order Referring Social Security Cases (W.D. Tex. May 3, 2012).

Miguel A. Torres.[5]  Judge Torres has now issued a Report and Recommendation ("R. & R.") advising the Court to vacate the Commissioner's decision and remand the case for further proceedings.[6]  The Court now **ACCEPTS** the R. & R. **IN FULL**.

## I.     DISCUSSION

**A.     Neither Party Objected to the R. & R. by the Applicable Deadline, So the Court Will Review the R. & R. Under the Deferential "Clearly Erroneous or Contrary to Law" Standard**

The standard of review that a District Judge applies when deciding whether to accept, reject, or modify a Magistrate Judge's report and recommendation depends on whether a party has objected to it by the applicable deadline.  If a party files a timely objection to a report and recommendation, then "the Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made."[7]  But if "no party objects to [a] Magistrate Judge's Report and Recommendation" by the applicable deadline, then "the Court is not required to perform a *de novo* review"; instead, the Court "need only review [the report and recommendation] to decide whether [it] is *clearly erroneous or contrary to law*."[8]

---

[5] To be more precise, the Court initially referred this case to then-U.S. Magistrate Judge Leon Schydlower.  *See* 6/28/23 Minute Entry.  The Court then reassigned the case to Magistrate Judge Torres after Judge Schydlower became a U.S. District Judge.  *See* 4/11/24 Minute Entry.

[6] *See generally* R. & R., ECF No. 16.

[7] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

[8] *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) (emphasis added); *see also, e.g.*, *Tamayo v. Galindo*, No. 5:08-cv-00392, 2008 WL 11333884, at *1 (W.D. Tex. Aug. 29, 2008) (similar).

**1.      The Commissioner Didn't Object to the R. & R. by the Applicable Deadline**

Ordinarily, a party has "fourteen days after being served with a copy" of a report and recommendation to "serve and file written objections to [the Magistrate Judge's] proposed findings and recommendations."[9]  Here, the Clerk of Court served the Commissioner with the R. & R. on August 15, 2024, which is when the Clerk posted the R. & R. to the electronic case docket.[10]  The Commissioner's 14-day deadline to object to the R. & R. therefore expired on August 29, 2024.

The Commissioner didn't object to the R. & R. by the August 29th deadline.  The Court will therefore accept the aspects of the R. & R. that are adverse to the Commissioner unless they're clearly erroneous or contrary to law.[11]

**2.      Plaintiff Didn't Object to the R. & R. by the Applicable Deadline**

Notwithstanding the usual rule that a party has 14 days from service to object to a report and recommendation,[12] a party gets an extra 3 days to object when the Clerk of Court serves that party with the report and recommendation *via* mail.[13]  The extended 17-day objection period runs

---

[9] 28 U.S.C. § 636(b)(1).

*But see infra* note 13 and accompanying text (noting and applying an exception to that general rule).

[10] *See* FED. R. CIV. P. 5(b)(2)(E) (providing that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system," in which case service is (with exceptions not relevant here) "complete upon filing").

[11] *See supra* note 8 and accompanying text.

[12] *See supra* note 9 and accompanying text.

[13] *See* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by] mail . . . 3 days are added after the period would otherwise expire . . . .").

*See also, e.g.*, *Margetis v. Furgeson*, 666 F. App'x 328, 330 n.3 (5th Cir. 2016) (confirming that Rule 6(d)'s 3-day extension provision applies to the 14-day report and recommendation objection deadline).

from the date that the Clerk *deposits* the report and recommendation in the mail (rather than, say, from the date that the party ultimately *receives* the mailing).[14]

In this case, the Clerk of Court served Plaintiff with the R. & R. by mail because Plaintiff isn't a registered user of the Court's e-filing system.[15]  The Clerk's office deposited Plaintiff's copy of the R. & R. in the mail on August 16, 2024,[16] so Plaintiff's 17-day deadline to object to the R. & R. expired on September 3, 2024.[17]  Plaintiff didn't file an objection on or before that date—which is unsurprising, as Judge Torres's recommended ruling is favorable to Plaintiff.[18]

Thus, neither the Commissioner nor Plaintiff objected to the R. & R. by the applicable deadline.  Therefore, the Court will accept the R. & R. in its entirety unless it's clearly erroneous or contrary to law.[19]

---

[14] *See* FED. R. CIV. P. 5(b)(2)(C) (stating that service *via* mail "is complete upon *mailing*" (emphasis added)); *see also, e.g.*, *Moody v. Wetzel*, No. 20-3258, 2021 WL 3022597, at *1 n.1 (E.D. Pa. July 16, 2021).

[15] *See* Certified Mail Receipt, ECF No. 17.

*See also* FED. R. CIV. P. 5(b)(2)(E) (specifying that a document may be served on a party "by filing it with the court's electronic-filing system" only if that party is "a *registered user*" of that system (emphasis added)).

[16] *See* Certified Mail Receipt.

[17] 17 days from August 16, 2024 is September *2*, 2024.  That date was a federal holiday, so Plaintiff's objection deadline expired on September *3rd*.  *See* FED. R. CIV. P. 6(a)(1)(C) (specifying that where—as here—a deadline would otherwise expire on "a Saturday, Sunday, or legal holiday," the deadline instead expires at "the end of the next day that is *not* a Saturday, Sunday, or legal holiday" (emphasis added)).

[18] *See generally* R. & R.

[19] *See supra* note 8 and accompanying text.

### B. The R. & R. Is Neither Clearly Erroneous Nor Contrary to Law

After carefully reviewing Judge Torres's R. & R., the Court concludes that it's neither clearly erroneous nor contrary to law.[20]

### II. CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation" (ECF No. 16) **IN FULL**.

The Court thereby **VACATES** the Commissioner's decision finding Plaintiff ineligible for SSI benefits for the period between January 1, 2017 and February 1, 2019.

The Court **REMANDS** the case to the Social Security Administration for further proceedings consistent with this Order and Judge Torres's R. & R.[21]

The Court will separately issue a final judgment effectuating this Order.[22]

Finally, the Clerk of Court **SHALL MAIL** this Order to the following address:

Miguel Gutierrez Gonzalez
5004 Quitman Avenue
El Paso, TX 79903

**So ORDERED and SIGNED this 10th day of September 2024.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[20] *See generally* R. & R.

[21] *See* 42 U.S.C. § 405(g).

[22] *See* FED. R. CIV. P. 58(a) (providing (with exceptions not relevant here) that "[e]very judgment . . . must be set out in a . . . document" that is "separate" from the order granting relief).